## Gill *v.* Wentz, Appellant.

Argued April 13, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Michael H. Sheridan* with him *Alfred J. Wentz,* for appellant.

*Max Rosenn,* with him *Harold Rosenn,* for appellee.

OPINION PER CURIAM, May 22, 1950:

In this action for assault and battery plaintiff, Nettie R. Gill, received a verdict of $2585 against defendant, Andrew Wentz, and judgment was entered on that verdict. Defendant now asks this Court to grant a new trial on the ground that the evidence was legally insufficient to establish causal connection between the blow and the injuries of which plaintiff here complains.

Plaintiff leased a dwelling house in the City of Wilkes-Barre, Luzerne County, from defendant. She made repeated complaints to defendant concerning the plumbing facilities in that house but defendant never made any of the requested repairs. Finally on December 1, 1946, she refused to pay her rent until the work was done. On December 16, 1946, she again refused to pay and defendant, becoming enraged, kicked her in the knee and hit her several times in the face and head with his fist. At the time of the assault plaintiff was seven and one-half months pregnant but was in perfectly good health.

The injuries plaintiff received were treated by a Dr. Reich for a period of five weeks beginning on December 17. Eventually Dr. Joseph F. Morrison, an eye specialist,

was consulted and he diagnosed plaintiff's condition to be paralysis of certain facial nerves resulting from a blow or blows.

All of the above facts were presented to the jury at the trial. Defendant contends however that because Dr. Morrison did not testify that the particular blows here complained of caused her injury, she cannot recover. That argument is without merit on these facts. Prior to the attack, plaintiff was in good physical condition. The next day she required medical treatment and within a week her vision became impaired, her left eye would not close, and the left side of her mouth developed a droop. With those facts established, the testimony of Dr. Morrison that the conditions resulted from blows was sufficient for the jury to decide that the injuries were the natural and probable result of defendant's attack. See *Tabuteau v. London G. & A. Co., Ltd.,* 351 Pa. 183, 40 A. 2d 396, and cases cited therein. That being true judgment was properly entered on the verdict.

Judgment affirmed.